# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**MARSHALL J. ELEUTERIUS and**
**TASHA R. ELEUTERIUS**                                                                          **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO.1:06CV310 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,**
**STANDARD MORTGAGE CORPORATION; and**
**BANCORPSOUTH BANK**                                                                         **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it Defendant Nationwide Mutual Insurance Company's (Nationwide) motion to realign the parties to reflect their true interests in this controversy. If the parties are realigned, as requested by Nationwide, there will be complete diversity of citizenship and the requisite amount in controversy under 28 U.S.C. §1332.

Plaintiffs Marshall J. Eleuterius and Tasha R. Eleuterius are the named insureds under an insurance policy issued by Defendant Nationwide. Defendants Standard Mortgage Company (Standard) and Bancorpsouth Bank (Bancorpsouth) are holders of notes secured by deeds of trust on the insured property and loss payees under the Nationwide policy. The underlying dispute in this action concerns the adjustment of insured losses that occurred during Hurricane Katrina.

The state court complaint states no cause of action against Standard or Bancorpsouth. The complaint asserts only that these defendants are necessary parties. (Complaint Paragraphs III and IV)

It appears to me that the interests of the plaintiffs and the interests of Standard and Bancorpsouth are aligned in this action. All three parties will benefit from a successful recovery under the Nationwide policy. In these circumstances, realignment is proper, even after removal. *See: Jackson HMA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 246 F.Supp.2d 535 (S.D.Miss.2003).

Accordingly, I will grant the motion to realign, and I will also grant the unopposed motion of Bancorpsouth to allow it to participate in this action as a "bystander."

An appropriate order will be entered.

**DECIDED** this 14th day of August, 2006.

                                              s/ L. T. Senter, Jr.

                                              L. T. Senter, Jr.
                                              Senior Judge